UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAIME ROSA-QUINTANA,<br>Petitioner,<br><br>vs.<br><br>MATTEW DIVRIS,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>NO. 20-40113-TSH |

**MEMORANDUM OF DECISION AND ORDER**
April 27, 2021

**HILLMAN, D.J.**

### Background

Jaime Rosa-Quintana ("Rosa-Quintana" or "Petitioner")[1] has filed a petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") alleging that his conviction should be vacated because the trial judge erred by denying his motion to suppress (Ground One). The Respondent has filed a motion to dismiss for failure to state a claim (Docket No. 14) on the grounds that Petitioner's claim is barred under *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037 (1976).

### Relevant Facts

On February 15, 2018, Rosa-Quintana was convicted by a jury of trafficking in cocaine (200 grams or more) in violation of Mass.Gen.L. ch. 94, §32E. Rosa-Quintana appealed his conviction to the Massachusetts Appeals Court ("MAC") on the grounds that the motion judge

---

[1] Petitioner is proceeding *pro se* and for that reason, his pleadings will be construed liberally. *See Ashmont v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

erroneously denied his motion to suppress. The MAC denied his appeal after finding that the facts elicited at the evidentiary hearing held by the motion judge established that there was reasonable suspicion to believe that a package inside Petitioner's car contained contraband and therefore, it was permissible to use a canine unit to detect drugs within his car's interior. *See* 96 Mass.App.Ct. 1115, 140 N.E.3d 138 (2020). Rosa-Quintana filed an application for leave to obtain further appellate review to the Massachusetts Supreme Judicial Court ("SJC") raising that same ground for relief, which was denied on May 15, 2020. *See Commonwealth v. Rosa-Quintana*, 484 Mass. 1106, 145 N.E.3d 888 (2020)(Table). Rosa-Quintana timely filed his Petition on September 3, 2020. On October 13, 2020, Respondent filed his motion to dismiss. Rosa-Quintana has not opposed the motion.

## Discussion

Rosa-Quintana appealed his conviction to the MAC on the grounds that the trial court, after holding an evidentiary hearing, erroneously denied his motion to suppress. The MAC denied his appeal and the SJC denied further appellate review.  Respondent argues that federal habeas review of this claim is barred because the Supreme Court has held that where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. *See Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 3053 (1976)(footnotes omitted).  "A full and fair opportunity to litigate means that the state has made available to defendants a set of procedures suitably crafted to test for possible Fourth Amendment Violations.  So long as a state prisoner has had an opportunity to litigate his Fourth Amendment claims by means of such a set of procedures, a federal habeas court lacks the authority,

under *Stone*, to second-guess the accuracy of the state court's resolution of those claims". *See Sanna v. DiPaolo*, 265 F.3d 1, 9 (1st Cir. 2001)(internal citation omitted). This Court's inquiry is, therefore, limited to whether the Petitioner had a "realistic opportunity to litigate his Fourth Amendment claim fully and fairly in the state system." *Id.*, at 8.

The record establishes that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in the trial court and on appeal. Accordingly, *Stone* bars this Court's review of Petitioner's Fourth Amendment claim asserted in Ground One of his Petition. Because this is the lone ground for relief asserted by Rosa-Quintana, the Petition must be dismissed.

## Conclusion

Respondent's Motion To Dismiss Petition For Writ of Habeas Corpus (Docket No. 14) is **granted**.

## Certificate of Appealability

The statute governing appeals of final orders in habeas corpus proceedings provides that an appeal is not permitted "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a "substantial showing," a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000) (internal quotation marks omitted). This is a low bar; a claim can be considered "debatable" even if every reasonable jurist would agree that the

petitioner will not prevail. *Miller-El v. Cockrell*, 537 U.S. 322, 338, 123 S.Ct. 1029 (2003).   In ruling on an application for a certificate of appealability, a district court must indicate which specific issues satisfy the "substantial showing" standard. 28 U.S.C. § 2253(c)(3).

I deny a certificate of appealability with respect to Rosa-Quintana's lone ground for relief, Ground One of the Petition, *i.e.,* his claim that the trial court erroneously denied his motion to suppress. I do so because Petitioner cannot make a substantial showing of the denial of a constitutional right as reasonable jurists cannot debate that the claim is barred under *Stone*, nor is the issue presented adequate to deserve encouragement to proceed further.


/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
U.S. DISTRICT JUDGE